IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED
MAY 16 2008
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By _____
Deputy Clerk

KATHY L. BUFFINGTON, individually, )
)
Plaintiff, )
)   Case no. CIV 08-181-SPS
vs. )
)   Honorable
THE UNITED STATES OF AMERICA, )
ex rel Indian Health Service, an agency of )
the U.S. Department of Health and Human )
Services, )
)
Defendant. )
)

## COMPLAINT

COMES NOW the Plaintiff, Kathy L. Buffington, by and through her attorney of record, Richard D. Marrs of The Richardson Law Firm, and for her causes of action states as follows:

### PARTIES

1. Plaintiff was a resident of Muskogee county, State of Oklahoma, at the time of the incident complained of herein and is now a resident of Cherokee County, State of Oklahoma.

2. W.W. Hastings Indian Hospital in Tahlequah, Oklahoma, Mankiller Health Center and Midwife Woman's Clinic, are operated by Defendant United States of America through the Department of Health and Human Services. Tahlequah is located within the eastern district of Oklahoma.

### JURISDICTION AND VENUE

3. This is is a medical malpractice action resulting in personal injuries to the plaintiff Kathy Buffington.

4. This action is brought pursuant to 28 U.S.C. §1346(b), the Federal Tort Claims Act,

ORIGINAL

consent form provided

28 U.S.C. §2671 *et seq.*, 28 U.S.C. §2401 and Oklahoma medical malpractice law.

## BACKGROUND FACTS

5. Paragraphs one (1) through four (4) are incorporated by reference herein as if set forth verbatim.

6. This lawsuit results from the negligence of a physician, Carolyn Chichester, M.D. ("Chichester"), and other healthcare personnel and providers in their medical care and treatment of the plaintiff, Kathy L. Buffington. Chichester and the other healthcare professionals were in the employ of W.W. Hastings Indian Hospital, Mankiller Health Center and Midwife Woman's Clinic at the time of the negligent acts described herein.

7. From August 18, 2005, through and up to November 10, 2006 Chichester, in her capacity as a physician, and the other healthcare professionals and providers listed above, (combined "Hastings"), provided medical assessment, care and treatment to the plaintiff, Kathy L. Buffington.

8. Throughout the course of Hastings' care and treatment of the plaintiff, Hastings was required to exercise and use that degree of skill and learning ordinarily used under the same or similar circumstances by members of their respective professions in their assessment, care and treatment of the plaintiff, Kathy L. Buffington.

9. On or about November 10, 2006, the plaintiff first became aware that she had breast cancer, which, based upon information and belief, is terminal.

10. Hastings' care and treatment of the plaintiff was negligent and careless in one or more of the following ways:

    (a) Hastings negligently and carelessly failed to diagnose a cancerous condition of the

plaintiff, Kathy L. Buffington;

(b) Hastings negligently and carelessly failed to perform such tests and procedures necessary to diagnose a cancerous condition of the plaintiff, Kathy L. Buffington;

(c) Hastings negligently and carelessly read and interpreted the results of tests and reports performed on the plaintiff, Kathy L. Buffington;

(d) Hastings negligently and carelessly failed to order tests and procedures in order to diagnose a cancerous condition of the plaintiff, Kathy L. Buffington;

(e) Hastings negligently and carelessly misdiagnosed plaintiff Kathy L. Buffington's condition;

(f) Hastings negligently and carelessly failed to biopsy a lump in the breast of plaintiff, Kathy L. Buffington;

(g) Hastings negligently failed to interpret mammograms performed on the plaintiff, Kathy L. Buffington;

11. As a proximate result of Hastings' negligence, plaintiff's breast cancer reached an advanced stage and, as a result thereof, the plaintiff has been compelled to undergo a long course of treatment, has been incapacitated and has suffered greatly, physically and emotionally, all of which would have been avoided had Hastings properly assessed, treated and properly diagnosed the illness and treated it as it should have been treated.

12. As a proximate result of Hastings' negligence, plaintiff has suffered personal injuries and, based upon information and belief, in all likelihood, will die as a result of the defendant's negligence.

## CLAIMS FOR RELIEF

### I. Medical Malpractice Personal Injuries

13. Paragraphs one (1) through twelve (12) are incorporated herein by reference herein as if set forth verbatim.

14. By reason of Hastings' negligence, plaintiff has suffered damages, including without limitation, past and future medical expenses, past and future physical and emotional pain and suffering, past and future lost income, disfigurement and disability.

## II. Medical Malpractice Lost Chance of Survival

15. Paragraphs one (1) through fourteen (14) are incorporated herein by reference herein as if set forth verbatim.

16. By reason of Hastings' negligence, plaintiff has suffered damages, including without limitation, past and future medical expenses, past and future physical and emotional pain and suffering, past and future lost income, disfigurement and disability.

17. Plaintiff also asserts a claim for the lost chance of survival due to the fact that the plaintiff's cancerous condition went undiagnosed and untreated, significantly impairing the plaintiff's chances for survival and cure for which she is entitled to damages.

**WHEREFORE**, plaintiff prays this Court grant judgment against defendant for actual and punitive damages in an amount **IN EXCESS** of Ten Thousand and no/100 dollars ($10,000), as well as attorney fees, costs, accruing pre-judgment interest, post judgment interest and for any other such relief this Court deems just and proper.

Respectfully Submitted,

**RICHARDSON LAW FIRM, P.C.**

_____
Richard D. Marrs, OBA #5705
6450 South Lewis Avenue, Suite 300
Tulsa, Oklahoma 74136
(918) 492-7674 *tel*
(918) 493-1925 *fax*
**Attorney for Plaintiff**